IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01328-BNB

THERESA L. DOWLING

    Plaintiff,

v.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Theresa L. Dowling, filed *pro se* a Title VII Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff was granted leave to proceed pursuant to § 1915.

    The Court must construe Ms. Dowling's filings liberally because she is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

    Ms. Dowling has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss any of Ms. Dowling's claims that are frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  See *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss any claims in which Ms. Dowling

is seeking monetary relief from a defendant who is immune from such relief.  For the reasons stated below, the Court will dismiss the Complaint pursuant to § 1915(e)(2)(B)(i) & (iii).

In the Title VII complaint, Ms. Dowling is suing the Denver Field Office of the Equal Employment Opportunity Commission (EEOC) for allegedly failing to investigate charges she has filed.  Ms. Dowling alleges that she has filed "various cases with the EEOC in Denver" and that the EEOC has "refused to investigate because she is already in federal court."  Complaint at 3.  Plaintiff asserts that she is entitled to have the EEOC represent her in federal court.  Plaintiff has checked boxes on the Court's preprinted Title VII Complaint form indicating that Defendant discriminated against her on the basis of "refusal to investigate".  Complaint at 2.  However, she fails to provide factual allegations in support of any claims of employment discrimination.

The EEOC and its Denver Field Office are immune from suit.  The law is clear that neither the United States nor federal administrative agencies can be sued absent an unequivocal waiver of their sovereign immunity.  *FDIC v. Meyer*, 510 U.S. 471 (1994).  Although Congress has waived the federal government's immunity from suit in various provisions of Title VII, it has done so only under specific circumstances, most prominently where the government is the employer.  *See* 42 U.S.C. § 2000e-16(c).

The EEOC likewise may be sued where it acts as an employer.  *Id.*; *Darbeau v. Library of Congress*, 453 F. Supp. 2d 168, 170 (D.D.C. 2006).  Plaintiff does not allege that she was an employee of the EEOC and has not identified any other provision in Title VII that expressly waives the agency's immunity from a suit challenging the manner in which it investigates or processes claims of employment discrimination.  Numerous

2

courts have held that there is no private right of action against the EEOC for claims that the EEOC and its officers should be held responsible for failure to investigate employment-related claims adequately.  *See Robles v. United States*, No. 07-0132-CV-W-FJG, 2007 WL 627840, at *2 (W.D. Mo. Feb. 26, 2007) (unpublished) (collecting cases).

In summary, the only Defendant in this case is immune from suit.  *See FDIC*, 510 U.S. at 471.  Therefore, the entire action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal she also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) because Plaintiff is seeking relief from a Defendant who is entitled to immunity.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  4th  day of        June        , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court